ANNA M. SYKES, Appellant, v. GENERAL TRANSPORTATION CASUALTY AND SURETY COMPANY, Respondent, et al., Defendant.

*Per Curiam.* Judgment setting aside the verdict, dismissing the complaint and directing a verdict in favor of defendant should be in all respects affirmed. Plaintiff's account of the alleged fraud practiced upon her by defendant insurance company is shifting, contradictory and often pointless. Accepting the consistent portions at face value, plaintiff claims she was deceived into signing what she thought was a receipt for lost wages, but which was in reality a release of her claim for personal injuries. She was evidently misled not so much from anything she alleges defendant's representative said to her, but essentially because she jumped to the conclusion that he was a representative of her union. She does not attribute any such express representation or any suggestion of such a representation to him. Nor is there any evidence to warrant an inference that defendant's representative knew plaintiff had mistaken him for her union representative. He testified he had identified himself as an employee of the insurance company insuring the driver who figured in the accident and that he had unmistakably discussed settlement of her claim for injuries.

But unimpeachable testimony from a neutral source clearly establishes that plaintiff was well aware at the time of signing the release that she had settled her claim with an insurance company. An interviewer for the Department of Welfare testified that plaintiff had told her that she had settled with an insurance company in the amount stated in the release. She made this statement before she even knew she had settled her case, according to plaintiff's theory of the case. This statement also appears in the report dictated by the interviewer shortly after her interview with plaintiff.

Under the circumstances there would be no point to remanding this case for a new trial. No new evidence can possibly be presented that could salvage plaintiff's case. Her story is incredible and inadequate to establish defendant's

fraud, and the opposing proof is so demolishing that were she to obtain another verdict it is clear we would be constrained to set it aside on the ground that the evidence would be insufficient to sustain her cause of action.

Peck, P. J., Cohn, Callahan, Bastow and Botein, JJ., concur.

Judgment unanimously affirmed, with costs.